*W. S. Mann, W. C. Davis,* contra.

---

### 14767. LANGFORD v. THE STATE.

The motion to arrest and set aside the conviction was properly overruled.

DECIDED NOVEMBER 14, 1923.

Accusation of possession of liquor; from city court of Athens— Judge Bradwell. June 16, 1923.

The accusation states that it is based on an affidavit made "on the 29th day of May, 1922," charging that the offense was com-

mitted on that day; but the accusation alleges that the offense was committed on "the 29th day of April," 1922. The date of the affidavit sent up in the record as the affidavit on which the accusation was based is April 29, 1922, and this affidavit charges that the offense was committed on the same date. The motion to arrest and set aside the judgment is based on the variance in dates. The judgment was rendered at the February term of the city court, 1923, and the motion was filed on June 16, 1923. It was contended in the brief of counsel for the State that the motion was filed too late, and that the accusation was amendable as to the defect in question, and therefore the defect was not a sufficient ground for such a motion.

*Carl F. Crossley, Austin Bell,* for plaintiff in error.

*Lamar C. Rucker, solicitor, L. C. Penny,* contra.

LUKE, J. In this case exception is taken to a judgment overruling the defendant's motion to stay and arrest a judgment of conviction. After conviction he filed a motion for a new trial, which motion was dismissed by the court, and the judgment dismissing it was affirmed by this court. 30 *Ga. App.* 278 (117 S. E. 659). Subsequently the motion to stay and set aside the conviction was filed. The court properly overruled and denied this motion.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*